JOURNAL ENTRY and OPINION
{¶ 1} These consolidated appeals arise from two matters before the juvenile court as to which appellant was adjudicated delinquent. The appellant-juvenile, Spencer Thomas, asserts that the evidence was insufficient to support the adjudication of delinquency for sexual battery, and that the court erred by classifying him as a juvenile sex offender registrant. We find no error in the proceedings below, so we affirm.
 Procedural History {¶ 2} On September 23, 2002, a complaint was filed in Case No. DL 02107328 alleging that appellant was delinquent because he committed a rape in violation of R.C. 2907.02(A)(2). The court conducted an adjudicatory hearing on February 18, 2003. Following the hearing, the court determined that the state had not met its burden of proving rape, but had proved appellant committed the offense of sexual battery, in violation of R.C. 2907.03(A)(2). The court adjudicated appellant delinquent on this basis.
 {¶ 3} The court conducted a partial disposition hearing on May 30, 2003, and placed appellant in residential treatment for drug abuse and mental health issues. A further dispositional hearing was conducted on September 12, 2003, after which the court ordered that appellant should be committed to the Ohio Department of Youth Services ("ODYS") for a minimum of six months. The court suspended appellant's commitment and placed him on probation with conditions. In addition, the court adjudicated appellant a juvenile sex offender registrant.
 {¶ 4} The complaint in Case No. DL 03103387 alleged that appellant was delinquent by reason of committing a robbery in violation of R.C. 2911.02(A)(3). At the conclusion of the adjudicatory hearing held on July 23, 2003, the court amended the charge to complicity to commit robbery and found appellant delinquent on this basis. A dispositional hearing was held on September 12, 2003. After the hearing, the court ordered that "for disposition, refer to case #DL02107328."
 {¶ 5} After the notice of appeal was filed, this court remanded this matter to the juvenile court to clarify the disposition. In response, the juvenile court stated that "disposition of case number DL03103387 is contained in the journal entry of the same date for case number DL02107328." While its holding is still not clear, the court apparently intended that the order suspending appellant's commitment to the custody of the ODYS and imposing a term of probation with conditions should be the sanction for this offense as well as the sexual battery.
 {¶ 6} This court consolidated the appeals of these two matters, sua sponte.
 Law and Analysis {¶ 7} Appellant's first assignment of error asserts that there was insufficient evidence to establish the elements of sexual battery in violation of R.C. 2907.03(A)(2). The evidence is insufficient if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not find that all of the essential elements of the offense have been proven beyond a reasonable doubt.
 {¶ 8} At the adjudication hearing, the victim testified that she and appellant were friends, but she denied that they were "dating." She said appellant frequently came to her house to talk about personal and family problems. The victim testified that she drank four beers at a friend's house on the evening of July 10-11, 2002 between 10:00 p.m. and 2:30 or 3:00 a.m. She went home and called appellant, who lived a few doors away, because she did not want to stay at home. He told her to come over. When she arrived, he gave her another beer. She drank about half of it. She sat on the couch next to appellant with her head on appellant's shoulder and fell asleep. When she awoke, she found her jeans were around her ankles and appellant's penis was inside of her. She asked appellant what he was doing, then she got up and ran home. She denied that she kissed or caressed him that night. She denied giving him permission to have intercourse with her.
 {¶ 9} Appellant testified that the victim acted like she was intoxicated when she came over to his house. He said they kissed and he fondled her breasts; she was moaning. As he removed her pants, she assisted him by "lifting up her backside." Her eyes were closed at the time.
 {¶ 10} Viewed in the light most favorable to the state, the evidence shows that appellant knew the victim was substantially impaired and unable to control her own conduct because of drunkenness or sleep, and engaged in sexual conduct with her. This evidence is sufficient to prove the essential elements of the crime of sexual battery in violation of R.C. 2907.03(A)(2).State v. Branch (May 24, 2001), Franklin App. No. 00AP-1219;State v. Snyder (February 3, 1999), Summit App. No. 18923;State v. Tolliver (July 31, 1997), Cuyahoga App. No. 71349. Therefore, we overrule the first assignment of error.
 {¶ 11} The second assignment of error challenges the court's determination that appellant was a juvenile sex offender registrant. Appellant claims that he cannot be classified as a juvenile sex offender registrant under R.C. 2152.82, and that R.C. 2152.83 does not apply. Alternatively, appellant argues that these two statutes are ambiguous as applied to sixteen and seventeen-year-olds.
 {¶ 12} The government seemingly agrees that appellant cannot be classified as a juvenile sex offender registrant under R.C.2152.82. Under the version of R.C. 2152.82 in effect at the time the offense was committed, the court is required to classify a child as a juvenile sex offender registrant if (a) the child is adjudicated delinquent for committing a sexually oriented offense, (b) the child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense, and (c) the child was previously adjudicated a delinquent child for committing a sexually oriented offense. Because appellant was not previously adjudicated delinquent for committing a sexually oriented offense, he does not qualify as a juvenile sex offender registrant under R.C. 2152.82.
 {¶ 13} Appellant contends he also does not qualify as a juvenile sex offender registrant under R.C. 2152.83 because that statute only applies to orders classifying a child as a juvenile sex offender registrant which are entered subsequent to the dispositional order for the offense itself. We disagree. The version of R.C. 2152.83 in effect at the time the offense was committed provides that "[i]f a child is adjudicated a delinquent child for committing * * * a sexually oriented offense, if the child was sixteen or seventeen years of age at the time of committing the offense, and if the juvenile judge was not required to classify the child a juvenile sex offender registrant under section 2152.82 of the Revised Code, upon the child's discharge or release from a secure facility or at the time ofdisposition if the judge does not commit the child to the custodyof a secure facility, the juvenile judge who adjudicated the child a delinquent child * * * shall issue an order that classifies the child a juvenile sex offender registrant * * * *." Thus, if the offender is committed to the custody of a secure facility, an order under this section will be issued at the time of the offender's release, but if the offender is not committed to custody, then the order will be issued at the time of disposition. In this case, appellant was not committed to a secure facility. Therefore, the court could (and properly did) classify appellant as a juvenile sex offender registrant under this section at the time of disposition.
 {¶ 14} Appellant alternatively argues that R.C. 2152.82 and2152.83 are ambiguous because R.C. 2152.83 renders R.C. 2152.82
meaningless when applied to sixteen and seventeen-year-old offenders. We agree that R.C. 2152.83 requires any offender of sixteen or seventeen years of age who commits a sexually oriented offense to be classified as a juvenile sex offender registrant, and that R.C. 2152.82 imposes an additional requirement that the offender has committed a sexually oriented offense in the past. However, we perceive no ambiguity in this fact. The two statutes are simply partly redundant. Therefore, we overrule the second assignment of error and affirm the disposition and classification of appellant as a juvenile sex offender registrant.
 {¶ 15} Neither of appellant's two assignments of error challenges the adjudication of delinquency for complicity to commit robbery. Accordingly, we affirm the disposition of that matter as well.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile court division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, P.J. and Calabrese, Jr., J. Concur.